UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

LARISSA K. FULLER                                                                                                    PLAINTIFF

V.                                                                                 CIVIL ACTION NO. 3:24-CV-73-DPJ-ASH

KASAI NORTH AMERICA                                                                                          DEFENDANT

ORDER

Larissa K. Fuller sued her employer Kasai North America for alleged discrimination and violation of her right to medical leave.  Compl. [1].  Kasai moved to dismiss.  Mot. [8].  The Court will grant its motion but allow Fuller to seek leave to amend her Complaint.

I.    Background

Fuller says she began at Kasai in November 2021 and reported to her supervisor almost a year later "that she was being sexually harassed."  Compl. [1] ¶¶ 12–13.  According to her, Kasai ignored her complaints, and the harassment continued.  *Id.* ¶ 13.  This harassment eventually led to unspecified "personal bodily injuries" for which she took leave from August 2, 2022, to January 30, 2023.  *Id.* ¶¶ 14–15.  When she returned, the alleged harassment continued, and she experienced "a hostile work environment" (again, no details) as well as "adverse employment actions" (not specified) "simply because she complained about sexual harassment."  *Id.* ¶ 16.  According to Kasai, Fuller remains its employee.  Def.'s Mem. [9] at 2.

Believing that her rights were violated, Fuller filed a charge of discrimination with the Equal Employment Opportunity Commission asserting discrimination "based on [her] sex."  Compl. Exh. A [1-1].  She then sued Kasai asserting four counts.  Under Count One, she seeks declaratory judgment and the expungement of unspecified infractions from her record.  *Id.* ¶¶ 17–18.  Count Two alleges sex discrimination under Title VII.  *Id.* ¶¶ 19–22.  Count Three pleads

a violation of the Americans with Disabilities Act (ADA) based on her unspecified "disability." *Id.* ¶¶ 24–26. And Count Four alleges a violation of the Family Medical Leave Act (FMLA) for unspecified retaliation after Fuller took leave. *Id.* ¶¶ 28–31. Although not pleaded under any count, the "introduction" to the Complaint references racial discrimination and violation of the Age Discrimination in Employment Act (ADEA). *Id.* ¶ 2.

Kasai moves to dismiss [8], arguing that Fuller fails to state a claim; her Title VII and ADA claims are untimely; she did not administratively exhaust her ADA claim; and her allegations of race- and age-based discrimination are, if not typographical errors, likewise meritless.

II.     Standard

Kasai seeks dismissal under Federal Rule of Civil Procedure 12(b)(6). In considering a motion under that rule, the "court accepts 'all well-pleaded facts as true, viewing them in the light most favorable to the plaintiff.'" *Martin K. Eby Constr. Co. v. Dall. Area Rapid Transit*, 369 F.3d 464, 467 (5th Cir. 2004) (quoting *Jones v. Greninger*, 188 F.3d 322, 324 (5th Cir. 1999)). To overcome a Rule 12(b)(6) motion, the plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "Factual allegations must be enough to raise a right to relief above the speculative level, on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations and footnote omitted).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (citing *Twombly*, 550 U.S. at 556). It follows that "where the well-pleaded facts do not permit the court to infer more than the mere possibility of

misconduct, the complaint has alleged—but it has not 'show[n]'—'that the pleader is entitled to relief.'" *Id*. at 679 (quoting Fed. R. Civ. P. 8(a)(2)). "This standard 'simply calls for enough fact to raise a reasonable expectation that discovery will reveal evidence of' the necessary claims or elements." *In re S. Scrap Material Co., LLC*, 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 556).

III.  Discussion

   A.  Procedural Issues

There are certain prerequisites to suit under Title VII, the ADA, and the ADEA. As Fuller acknowledges, an employee or former employee must first file a charge of discrimination with the EEOC within 180 days of the unlawful employment practice. 42 U.S.C. § 2000e-5(e)(1). Once the EEOC issues a notice of right to sue, the employee must then file suit within 90 days of receiving the notice. *Id.*

**Failure to Exhaust:** Fuller filed an EEOC charge on April 17, 2023, alleging that she was "discriminated against because of [her] sex." Compl. Exh. A [1-1] at 2. She never mentioned discrimination based on the ADA (Count Three). Nor did she complain about retaliation of any sort, race-based discrimination, or age-based discrimination—assuming she intended to plead those claims.

Kasai therefore says Fuller failed to exhaust her administrative remedies for any claim that requires exhaustion, other than Title VII sex-based discrimination. *See* Def.'s Mem. [9] at 8–9. Fuller never argued otherwise. The Court finds that all claims, other than the FMLA and Title VII sex-discrimination claims, should be dismissed without prejudice for failure to exhaust.

*See Melgar v. T.B. Butler Publ'g Co.*, 931 F.3d 375, 379 (5th Cir. 2019) (affirming dismissal of ADA and ADEA claims for failure to exhaust).[1]

**Statute of Limitations:** Though Fuller exhausted her Title VII sex-based discrimination claim, Kasai says she failed to sue within the allowed 90 days. "A statute of limitations may support dismissal under Rule 12(b)(6) where it is evident from the plaintiff's pleadings that the action is barred and the pleadings fail to raise some basis for tolling or the like." *Kirkland v. Big Lots Store, Inc.*, 547 F. App'x 570, 572 (5th Cir. 2013) (applied to Title VII) (quoting *Jones v. Alcoa, Inc.*, 339 F.3d 359, 366 (5th Cir. 2003)).

On October 25, 2023, the EEOC emailed Fuller and apparently instructed her to download the notice of right to sue from the EEOC portal. Compl. Exh. B. [1-2]. When Fuller failed to download the notice, the EEOC mailed her a letter on November 9, 2023, reminding her of its October 25 email and enclosing a hard copy of the notice with the 90-day deadline. *Id.* Fuller then waited until February 7, 2024, to sue—90 days after the EEOC mailed the second notice but more than 90 days after the October 25 email.

---

[1] If Fuller can show that she exhausted these claims, she may move for leave to amend. That said, these other claims also fail to state a claim. So if she seeks leave to amend, Fuller will need to show administrative exhaustion and specify more facts. For example, Fuller pleaded an ADA retaliation claim in Count Three but never described a disability in her Complaint or what Kasai did in retaliation. She offered a little more in her legal memorandum, stating that she was disciplined and given additional duties. *See* Pl.'s Mem. [13] at 4. But how was she disciplined? And how do the extra duties compare to her past employment? Without specifics, there is no way to tell whether she suffered an adverse employment action. The same would be true of a Title VII retaliation claim had she pleaded one. Fuller suggests that she did plead such a claim in her memorandum, but it is not among her four counts. *See also* Pl.'s Mem. [13] at 1 (excluding Title VII retaliation from her summary of claims). If she seeks leave to amend, she must more clearly state whether there is a Title VII retaliation claim, show that it has been exhausted, and plead facts making it plausible. These are examples.

According to Fuller, she sued on time because she "actually received" the notice on or about November 9 and there is no evidence she received it sooner. Pl.'s Mem. [13] at 6. That's somewhat vague, but the Court still concludes that the basis for dismissal is not evident. For starters, the EEOC letter says it emailed the notice to Fuller, but the email is not in this record. Without it, the Court can confirm neither the address nor receipt. Even if sent to the correct address, did Fuller ever open it? And what did it say?

While Kasai offers non-binding authority suggesting that the email triggers the limitations window even if the notice is never downloaded—authority Fuller neither addresses nor counters—it seems imprudent to analyze the effect of the email without knowing more facts. This part of the motion is therefore denied without prejudice. If Fuller can ultimately plead a Title VII sex-based discrimination claim, then Kasai can re-urge its limitations argument once the facts support its position.

B.  Failure to State a Claim

There are three claims that could survive the exhaustion problem. Count One—titled "Declaratory Judgment"; Count Two—Title VII "Sex Discrimination"; and Count Four—FMLA retaliation.

*Declaratory Judgment:* Count One states in full: "Plaintiff avers that Defendant should remove any and all disciplinary infractions from her permanent employment record." Compl. [1] ¶ 18. Kasai urges the Court to dismiss this claim for two reasons. First, Fuller failed in her Complaint to identify the statutory basis for the requested relief. If based on the ADA, for example, then the claim would remain unexhausted. Second, Fuller pleaded no facts supporting declaratory judgment, like what the infractions were, why they were incorrect, or why they

5

should be expunged.  Fuller offers no response and arguably abandons the claim for declaratory judgment.  In any event, Kasai is correct that Fuller pleaded conclusions rather than facts.

**Title VII Sex Discrimination:**  Count Two alleges "Sex Discrimination," apparently based on alleged co-worker harassment.  *Id.* at 3.  To establish that claim, Fuller must show:

> she is a member of a protected group; (2) she was the victim of uninvited sexual . . . harassment; (3) the harassment was based on sex . . . (4) the harassment affected a "term, condition, or privilege" of her employment; and (5) her employer knew or should have known of the harassment and failed to take prompt remedial action.

*Johnson v. Bd. of Supervisors of La. State Univ. & Agric. & Mech. Coll.*, 90 F.4th 449, 455 (5th Cir. 2024) (quoting *Harvill v. Westward Commc'ns, LLC*, 433 F.3d 428, 434 (5th Cir. 2005)).

To support that claim, Fuller pleaded:

- "That on or about October 24, 2022, Plaintiff reported to her supervisor that she was being sexually harassed.  Plaintiff's supervisor represented that the appropriate personnel would speak with the employee that was perpetrating the sexual harassment.  However, the employee continued to sexually harass Plaintiff."  Compl. [1] ¶ 13.

- "That as a direct and proximate result of the continued sexual harassment, Plaintiff began to sustain personal bodily injuries."  *Id.* ¶ 14.

- "That after Plaintiff returned to work, Plaintiff continued to be sexually harassed.  Plaintiff continued to complain to her supervisor, but as opposed to putting an end to the behavior, Plaintiff continued to experience sexual harassment and experienced a hostile work environment."  *Id.* ¶ 16.

- "That Plaintiff contends that she was discriminated against with regards to the terms, conditions and / or privileges of employment.  That Plaintiff contends that she was subject to disparate treatment."  *Id.* ¶ 20.

- That she was treated differently than "similarly situated males under similar circumstances as outlined in the Complaint."  *Id.* ¶ 21.

Claiming to have been sexually harassed is a legal conclusion, not a fact that can be presumed true.  *See Connelly v. Lane Const. Corp.*, 809 F.3d 780, 790 (3d Cir. 2016) (holding that plaintiff's complaint alleged conclusions—not facts—when stating that she "was sexually

harassed"); *see also Iqbal*, 556 U.S. at 669 (holding that plaintiff's complaint alleged mere conclusions when pleading that he was "willfully and maliciously" subjected to "harsh conditions . . . solely on account of [his] religion, race, and/or national origin"). "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations." *Iqbal*, 556 U.S. at 679.

Fuller did, however, incorporate her EEOC charge, which she attached as an exhibit to her Complaint.

> On or around October 24, 2022, I reported to my supervisor, Lance, my co-worker Bryan Lewis was harassing me. Bryan Lewis had angrily confronted me and accused me of reporting to Lance that he was not performing his duties. Mr. Lance said he would speak to Bryan Lewis. Bryan was instructed to not communicate with me. After I complained, Bryan continued to harass me. Bryan Lewis would come to my work area on the line and stare at me while laughing and rocking. He followed me when I went on breaks. He would stand behind me and repeatedly say my name. I reported the harassment to HR Manager, Ms. Harris. I was concerned for my safety and Bryan[']s continued harassment was starting to affect my health. A meeting was held with Ms. Harris around November 16, 2022. During the meeting, Ms. Harris did not take my complaint or concerns seriously. In fact, Ms. Harris said she had to protect Bryan Lewis.

Compl. Exh. A [1-1]. That does bring a few facts to the table regarding the nature of the alleged harassment, including Fuller's claim that her co-worker "stare[d] at [her] while laughing and rocking" and would "follow her" or say her name. *Id.*

Still, Fuller has not yet stated a claim under Title VII. To begin, the allegations do not plausibly show the alleged conduct was "based on sex." *Johnson*, 92 F.4th at 455. Merely claiming that it was sexual is another conclusion, and Fuller's EEOC charge suggests that the co-worker was mad because she reported "that he was not performing his duties." Compl. Exh. A [1-1]. Also, sexual harassment must be sufficiently "severe or pervasive" such that "a reasonable person would find [the work environment] hostile or abusive." *Septimus v. Univ. of Houston*, 399 F.3d 601, 611 (5th Cir. 2005). Title VII "is not a 'general civility code,' and 'simple teasing,'

7

offhand comments, and isolated incidents (unless extremely serious) will not amount to discriminatory changes in the 'terms and conditions of employment.'" *Lauderdale v. Tex. Dep't of Crim. Just., Inst.'l Div.*, 512 F.3d 157, 163 (5th Cir. 2007) (quoting *Faragher v. City of Boca Raton*, 524 U.S. 775, 788 (1998)).  Fuller never says how often the conduct occurred, the duration, or why it was severe enough for a reasonable person to find the environment hostile or abusive.  *Septimus*, 399 F.3d at 611.  She does say she suffered personal injury, but she never describes the injury.

Fuller is required to "show," not merely assert, that she is entitled to relief.  *Iqbal*, 556 U.S. at 679.  She doesn't have to state the "who, what, when, where, and how" of each claim, *United States ex rel. Spicer v. Westbrook*, 751 F.3d 354, 365 (5th Cir. 2014), but she does need to provide enough facts from which one could plausibly infer that Kasai discriminated against her based on her sex.  She has not met that burden.

**FMLA Retaliation:**  Lastly, Fuller pleads under Count Four of her Complaint that Kasai "discriminated against Plaintiff and retaliated against her based on her FMLA leave in violation of the FMLA."  Compl. [1] ¶ 29.  But again, Fuller pleads no facts to support her legal conclusion.  Her only description of any negative consequences after returning from FMLA leave attributes those consequences to her protected activity under Title VII, not the FMLA.  *Id*. ¶ 16.  And even those averments are too vague to know how she was retaliated against and whether it would constitute an adverse employment action.

Kasai addressed Count Four at length in its brief.  Def.'s Mem. [9] at 6–7.  But Fuller never responded.  Indeed, her only mention of the FMLA came in a discussion of Title VII retaliation—a claim that was not expressly pleaded in her Complaint.  The FMLA retaliation claim will be dismissed.

That said, leave to amend is usually granted after a dismissal for failure to state a claim. "[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal." *Great Plains Tr. Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002). Fuller may not have pleaded her best case, and it would be inequitable to dismiss the Complaint without giving her a chance to say more. She may therefore move for leave to amend, attaching a proposed amended complaint that supplies appropriate facts supporting her causes of action.

IV.     Conclusion

The Court has considered all arguments presented. Any not specifically addressed would not change the outcome. Kasai's motion to dismiss [8] is granted. Fuller may move for leave to file an amended complaint within 14 days of the entry of this Order, attaching a copy of the proposed complaint that meets the federal pleading standard and demonstrates compliance with exhaustion requirements. Failure to do so will result in the Court entering final judgment for Kasai under Federal Rule of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 3rd day of October, 2024.

s/ *Daniel P. Jordan III*
CHIEF UNITED STATES DISTRICT JUDGE
